IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ROBERT E. MALONEY, JR.,

Defendant.

CRIMINAL CASE NO.
1:11-CR-121-SCJ-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

Pending before this Court is Defendant Robert E. Maloney Jr.'s Motion to Dismiss Counts Three through Twelve of the Indictment.[1] Docket Entry [129]. For the reasons outlined below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Counts Three through Twelve of the Indictment be **DENIED**. Docket Entry [129].

## BACKGROUND

Defendant Robert E. Maloney, Jr. was charged by the Grand Jury on June 22, 2011, with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count One), bank fraud in violation of 18 U.S.C. § 1344 (Counts Three through Twelve), and false entries in violation of 18 U.S.C. § 1005 (Counts Thirteen through Twenty).

---

[1] Defendant Maloney was first charged in the First Superseding Indictment. Compare Docket Entry [1], with Docket Entry [76]. Since Defendant filed his Motion to Dismiss, a second superseding indictment has been filed. Docket Entry [158]. However, Counts Three through Twelve in the First and Second Superseding Indictments are identical. Compare Docket Entry [76], with Docket Entry [158].

Docket Entry [76]. On October 18, 2011, Defendant Maloney moved to dismiss the bank fraud counts on the ground that they are legally deficient because they incorporate, by reference, the overt acts of the conspiracy charge to establish the manner and means by which the bank fraud scheme operated. Docket Entry [129]. The Government counters that the Indictment is legally sufficient because the bank fraud counts set forth detailed factual allegations and all of the essential elements of the crime charged, with or without the incorporation reference. Docket Entry [185]. This Court agrees with the Government.

## **LEGAL ANALYSIS**

Federal Rule of Criminal Procedure 12(b) allows a defendant to file a motion alleging a defect in the grand jury indictment. Fed. R. Crim. P. 12(b)(3)(B). An indictment "must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003) (internal quotation marks and citations omitted). Stated differently, "[a]n indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011) (internal citation omitted). An indictment is defective if it is not framed to apprise the defendant with reasonable certainty of the nature of the accusation against him, even

though it may follow the language of the statute. Bobo, 344 F.3d at 1083 (internal citation omitted). Thus, "if the indictment tracks the language of the statute, it must be accompanied with a statement of facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. (internal quotation marks and citation omitted).

The sufficiency of a criminal indictment is determined from its face. United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (per curiam) (internal citation omitted). The court must decide whether the "factual allegations in the indictment, when viewed in the light most favorable to the government, [a]re sufficient to charge the offense as a matter of law." United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987) (internal citations omitted).

Applying the legal standards to the Indictment at issue here, this Court concludes that the Government has asserted legally sufficient bank fraud counts. To commit bank fraud in violation of 18 U.S.C. § 1344, a defendant must have "knowingly execute[d], or attempt[ed] to execute a scheme or artifice-(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. Each of these elements are accounted for in the counts. The Government begins by tracking the language of the statute. Specifically, the Indictment states that Defendant Maloney "did knowingly devise and execute and attempt to execute a scheme and artifice (i) to defraud

3

a financial institution and (ii) to obtain money, funds, and assets owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, [and] promises about the purposes and the material terms of the loans made by FirstCity Bank." (Indictment ¶ 8).

The Government also describes the "scheme" and/or "artifice" Defendant Maloney and his co-Defendants used to fraudulently obtain funds from the financial institution(s). In particular, the Indictment charges that Defendant Maloney and his co-Defendants misrepresented "whether the transaction[s] involved a purchase or a refinance of existing debt, whether or to what extent the borrower[s] would be required to make a down payment or otherwise invest in the land or project, and . . . conceal[ed] the defendants' personal financial interests" in the transactions. (Id.) From there, the Government provides a chart outlining the ten individual counts of bank fraud that Defendant Maloney and his co-Defendants allegedly committed. (Id.) For each, the Government indicates which financial institution(s) were defrauded, which Defendants were involved in the transaction, and the amount of money that was fraudulently obtained. (Id.) These factual allegations alone are sufficient to meet the essential elements of the statutory bank fraud offense and adequately notify Defendant Maloney of the offenses of which he is charged.

To further expound on the bank fraud counts, however, the Government incorporates, by reference, the twelve pages of factual details about the overt acts Defendant Maloney and his co-Defendants allegedly committed as part of their

4

conspiracy to commit bank fraud.[2] (Id.) In doing so, the Government draws upon the incorporated facts to add depth to its contention that Defendant Maloney and his co-Defendants misrepresented "whether the transaction[s] involved a purchase or a refinance of existing debt, whether or to what extent the borrower[s] would be required to make a down payment or otherwise invest in the land or project, and . . . conceal[ed] the defendants' personal financial interests" in the transactions. (Id.) As a result, the factual allegations in the bank fraud counts, along with the incorporated facts, clearly illustrate which transactions Defendant Maloney is alleged to have taken part in, the dates of the transactions, the financial institutions that were allegedly defrauded, the amount of funds fraudulently obtained, and the details about how the particular transaction unfolded. Rather than being harmful to Defendant Maloney's constitutional interests, as Defendant alleges, the Government's incorporation of the facts from the overt acts of the conspiracy more "sufficiently apprise[s] the defendant of what he must be prepared to meet." Bobo, 344 F.3d at 1083. Accordingly, the bank fraud counts, as alleged, satisfy minimal constitutional standards. See United States v. Stoll, No. 10-60194-CR, 2010 WL 5313486, at *8 (S.D. Fla. Nov. 23, 2010) (concluding that substantive fraud counts that incorporated, by reference, the allegations of a conspiracy count were sufficiently pled and suggesting that incorporation of the conspiracy count aided in giving the defendant sufficient notice of the crime with which he was charged).

---

[2] Federal Rule of Criminal Procedure 7(c) provides that "[a] count may incorporate by reference an allegation made in another count." Fed. R. Crim. P. 7(c).

5

The detailed facts in the Indictment at issue here make this case easily distinguishable from United States v. Bobo, 344 F.3d 1076, the case upon which Defendant principally relies. In Bobo, the Government alleged the defendant conspired to defraud the United States and a health care benefit program and attempted to defraud a health care benefit program. Bobo, 344 F.3d at 1077. For the attempt to defraud a health care benefit program count, the Government incorporated the allegations from the conspiracy charge that preceded it, and alleged that the defendant "did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefits program, that is the Maternity Care Program, operated by the Alabama Medicaid Agency and financed by the Health Care Financing Administration of the United States Department of Health and Human Services and the state of Alabama, in violation of Title 18, United States Code, Section 1347(1)." Id. at 1084. The Eleventh Circuit concluded that these two allegations were not legally sufficient to establish the count because, among other things, the indictment did "not set forth the manner and means by which the scheme and artifice to defraud operated, except to incorporate the manner and means supporting the conspiracy count." Id. at 1084-85. Unlike Bobo, the Indictment in this case distinctly sets forth the scheme and artifice that Defendant Maloney and his co-Defendants used to allegedly commit bank fraud, independent of any incorporation reference. As stated above, the Government alleges that Defendant Maloney and his co-Defendants misrepresented "whether the transaction[s] involved a purchase or a refinance of existing debt, whether or to what extent the borrower[s]

6

would be required to make a down payment or otherwise invest in the land or project, and . . . conceal[ed] the defendants' personal financial interests" in the transactions. (Indictment ¶ 8). Therefore, Bobo is inapposite. Accordingly, the undersigned **RECOMMENDS** that Defendant Maloney's request to dismiss Counts Three through Twelve of the Indictment be **DENIED**.

### CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Robert E. Maloney Jr.'s Motion to Dismiss Counts Three through Twelve of the Indictment be **DENIED**. Docket Entry [129]. There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial. Therefore, this action is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED, REPORTED AND RECOMMENDED** this 21 day of June, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)